UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

|  |  |
|---|---|
| W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., | Civil Action No. |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| LONERIDER BREWING COMPANY, SUMIT VOHRA, MIHIR PATEL, and STEVEN KRAMLING, | |
| Defendants. | |

Plaintiff, by its undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiff alleges three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiff's copyrighted musical compositions. SCHEDULE A, annexed to the Complaint and incorporated herein by reference, sets forth in summary form the allegations hereinafter made with respect to Plaintiff, its copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiff named in Column 2[*] is the owner of the copyrights in the works listed in Column 3.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5.  On information and belief, defendant Lonerider Brewing Company ("LBC"), is a corporation organized under the laws of North Carolina, with a principal place of business located at 8816 Gulf Court, Suite 100, Raleigh, North Carolina 27617.

6.  At all times hereinafter mentioned LBC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Lonerider Brewing Company ("Lonerider"), located at 8816 Gulf Court, Suite 100, Raleigh, North Carolina 27617.

7.  Musical compositions were and are publicly performed at Lonerider.

8.  On information and belief, defendant Sumit Vohra ("Vohra") is an individual who resides or does business in this District.

9.  On information and belief, defendant Mihir Patel ("Patel") is an individual who resides or does business in this District.

10. On information and belief, defendant Steven Kramling ("Kramling" and, together with LBC, Vohra and Patel, the "Defendants") is an individual who resides or does business in this District.

11. On information and belief, Vohra, Patel, and Kramling are officers and/or owners of LBC.

12. At all times hereinafter mentioned, Vohra, Patel, and Kramling were, and still are, responsible for the control, management, operation, and maintenance of the affairs of LBC.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Lonerider, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Lonerider.

2

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S COPYRIGHTED MUSICAL COMPOSITIONS

15. Plaintiff is a member of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants entered into a license agreement with ASCAP, effective November 1, 2016.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on December 31, 2021, upon written notice, ASCAP terminated the agreement for material breach.

18. Since termination of the Lonerider ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense Lonerider, upon payment of the outstanding fees owed to ASCAP.

19. Defendants have refused all of ASCAP's offers to relicense Lonerider.

20. ASCAP's various communications offering to relicense Lonerider gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Lonerider constitute copyright infringement.

21. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Lonerider, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

22. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

23. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the dates of their respective publications, have been printed and published in conformity with Title 17 of the United States Code.

24. The Plaintiff named in each cause of action, including its predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Lonerider, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at Lonerider of Plaintiff's copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from Plaintiff, or any agent, servant, or employee of Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights.

28. The many unauthorized performances at Lonerider include the performances of the three copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, Plaintiff, named in each cause of action, was an owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

WHEREFORE, Plaintiff prays:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Lonerider, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand

Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

       III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

       IV.    For such other and further relief as may be just and equitable.

Respectfully submitted this 17th day of October, 2023.

       */s/ Michael J. Allen*
Michael J. Allen
NC State Bar No. 18030
Carruthers & Roth, P.A.
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
mja@crlaw.com
*Attorney for Plaintiff*

Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | W CHAPPELL MUSIC CORP. dba WC MUSIC CORP. | TOO BRIGHT TO SEE, TOO LOUD TO HEAR | Grant Brandell<br><br>William S. Chamberlain<br><br>Christopher Dudley<br><br>Timothy McTague<br><br>James Smith | September 2, 2008 | PA 1-919-277 | July 15, 2023 |
| 2. | W CHAPPELL MUSIC CORP. dba WC MUSIC CORP. | MY OWN SUMMER (SHOVE IT) | Stephen Carpenter<br><br>Chi Cheng<br><br>Abran Cunningham<br><br>Camilo C. Moreno | October 28, 1997 | PA 870-906 | July 15, 2023 |
| 3. | W CHAPPELL MUSIC CORP. dba WC MUSIC CORP. | INDESTRUCTIBLE | Dan J. Donegan<br><br>David M. Draiman<br><br>Michael Wengren | June 3, 2008 | PA 1-697-227 | July 15, 2023 |